# Milford Township Supervisors' Removal.

*Public officers—Township supervisors—Removal—Act of July 14, 1917, P. L. 840—Constitutional law—Article VI, section 4, and article XII, section 1, of Constitution—Legislative power— Implication—Statutes—Amendments—Terms of office — Abolition of office.*

1. While article VI, section 4, of the Constitution of the State, is not limited to officers named in the Constitution, it is not applicable where the legislature has the right to fix the length of the term of office, and has made it determinable, by judicial proceedings, on other contingencies than the mere passage of time.

2. Section 192 of the General Township Act of July 14, 1917, P. L. 840, 862, does not conflict with article VI, section 4, of the Constitution of the State.

3. Statutes which were in effect when the Constitution was adopted, continued in force thereafter, unless expressly, or by necessary implication, repealed by that instrument.

4. Such statutes may be amended constitutionally, unless this was expressly or by necessary implication forbidden, although an entirely new statute, dealing with the same subject-matter, is prohibited.

5. A necessary implication from article XII, section 1, of the state Constitution, which specifies that "All officers whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law," is that the legislature has the right, in such cases, to provide for their election or appointment for a definite or an indefinite term, and absolutely or conditionally.

6. The same necessary implication arises from the legislature's supreme power to legislate on all subjects not constitutionally inhibited.

7. The legislature may exercise this right in a single section of a statute, or in two or more sections, which, of course, must be construed together.

8. By construing together sections 145 and 192 of the General Township Act of July 14, 1917, P. L. 840, it appears that the term of six years for a township supervisor is a conditional one; if he does not properly perform the duties of the office, he may be removed in the way specified in section 192.

9. Where a term of office is subject to the control of the legislature, that tribunal may abolish the office, and thereby oust the officer during the running of his term.

Argued September 26, 1927.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 103, March T., 1927, by petitioners, from order of Q. S. Somerset Co., Dec. T., 1926, No. 4, dismissing petition for removal of supervisors in the matter of Milford Township Supervisors' Removal. Reversed.

Petition for removal of township supervisors.   Before BERKEY, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed.   Petitioners appealed.

*Error assigned,* inter alia, was order, quoting record.

*J. C. Lowry,* for appellants.—Township supervisors elected under the General Township Act of 1917, are not constitutional officers, and are removable under section 192 of said act.

Section 192 of the General Township Act is not in violation of article VI, section 4, of the Constitution, in providing for removal of township officers by court, for neglect or refusal to perform duties: Liken's Petition, 223 Pa. 456; Com. v. Reid, 265 Pa. 328; Com. v. Benn, 284 Pa. 421; Blanchard v. McDonnell, 286 Pa. 283.

Township supervisors elected and accepting office under the General Township Act are subject to its provisions and removable by method it prescribes: Georges Twp. School Directors, 286 Pa. 129; Lloyd v. Smith, 176 Pa. 213; Com. v. Weir, 165 Pa. 284; Com. v. McCombs, 56 Pa. 436.

*Frank R. Coder,* for appellees.—Section 192 of the Act of July 14, 1917, which gives to the court of quarter sessions the power to remove township officers, is in plain contravention of the Constitution so far as township elective officers are concerned: Com. v. Benn, 284

Pa. 421; Bowman's Case, 225 Pa. 364; Com. v. Likeley, 267 Pa. 310; Georges Twp. School Directors, 286 Pa. 129.

OPINION BY MR. JUSTICE SIMPSON, November 28, 1927:

The court below held that section 192 of the General Township Act of July 14, 1917, P. L. 840, 862, conflicts with article VI, section 4, of the Constitution of the State, and hence dismissed appellants' petition to have the offices of township supervisors, held by respondents, declared vacant because of their specified derelictions of duty. No other question was considered. This appeal, by petitioners, followed.

Article VI, section 4, so far as pertinent, provides that "All officers elected by the people [with certain irrelevant exceptions] shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the senate." The reasoning on which the order below was founded, went no further than that respondents can be removed only in the way provided by the clause quoted, since they are "officers elected by the people." Under some circumstances this would be correct (Com. v. Benn, 284 Pa. 421), but it is not so here. If it was, it would apply also to the nearly 30,000 judges, inspectors and assessors of elections in the Commonwealth.

The township, as an entity for governmental purposes, is of ancient origin; the township supervisor, under varying titles, is almost as old; and each has been a prolific cause of legislation in this State. The township supervisor is not mentioned in any of the Constitutions of the Commonwealth; and the townships themselves, with respect only to the election or appointment of certain of their officers, in section 30 of the Constitution of 1776, in article VI, section 5, of the Constitution of 1790, in article VI, section 7, of the Constitution of 1838, and in article V, section 11, of the Constitution of 1873; and also in article III, section 7, of the last-named

Constitution, with respect to the forbidding of local and special legislation as to them. Consequently, under section 2 of the schedule to the Constitution of 1873, all the statutes dealing with the subject now under consideration, which were in force when it was adopted, continued in effect thereafter, and (Georges Twp. School Directors, 286 Pa. 129, 135) they might be amended constitutionally, although an entirely new statute, dealing with the same subject-matter, was forbidden.

Among the statutes which thus continued in effect, and could have been amended, was section 92 of the Act of April 15, 1834, P. L. 537, 554, which subjects township supervisors to amercement for neglect of duty, and section 2 of the Act of March 16, 1860, P. L. 174, which provides for their amotion, if they fail to give the bond required by section 1 of that statute. Whether or not section 92 of the Act of 1834, supra, was impliedly repealed by the Act of March 22, 1907, P. L. 27, which provides for the amotion of any township officer, if he is found guilty of a breach of duty, need not be considered, for both those statutes were expressly repealed by the Act of 1917, supra, which substituted for them the provision of section 192, under which the present proceedings were had.

Since the Constitution of 1873 provides no method by which statutes may be amended (but only that they may not be by reference to their titles only: Article III, section 6), it might be held, perhaps, that section 192 was, in legal effect, but a reënactment of the Act of 1907, which was itself only a permissible amendment of the prior statutes: Georges Twp. School Directors, supra. As, however, the Act of 1917 specifically repeals the earlier statutes, and does not, in terms, profess to amend them, we prefer to leave that question open for future determination, when, if ever, this becomes necessary.

Township supervisors not being "provided for in this Constitution" (of 1873), article XII, section 1, says they "shall be elected or appointed as may be directed

by law." A necessary implication from this provision,—
and indeed, also, from the legislature's supreme power
to legislate on all subjects not constitutionally inhib-
ited (Likins's Petition (No. 1), 223 Pa. 456; Com. v.
Reid, 265 Pa. 328, 334),—is that it had the right to pro-
vide that their election or appointment should be for a
definite or an indefinite term, absolutely or condition-
ally, and this might be set forth in a single section, or
in two or more sections, which, of course, would be con-
strued together: Holl v. Deshler, 71 Pa. 299; Com. v.
Danville Bessemer Co., 207 Pa. 302, 308. It follows, if a
fair construction of the statute, providing for their elec-
tion or appointment, results in the conclusion that, un-
der it, they were only intended to be conditionally
elected for a specified term, that effect must be given to
the legislative intent, notwithstanding the provisions of
article VI, section 4, for not otherwise can they "be
elected or appointed, as may be directed by law."

Section 145 of the Act of 1917 (P. L. 857), stipulates
that the township supervisors thereafter elected "shall
hold their office for a term of six years, from the first
Monday of December next following their election," and
section 192 (P. L. 862), that if any of them "refuses or
neglects to perform his duties, the court of quarter ses-
sions [upon proper proceedings, which the instant ones
were]......may declare the office vacant and appoint
another in his stead, to hold office during the term of the
officer deposed." This latter section as certainly ex-
presses the legislative intent as does the former, and we
must assume, therefore, that the legislature intention-
ally made the term of six years a conditional one, which
should end when a breach of duty was adjudged in the
way specified. No other conclusion will give full effect
to the legislative intent; and in no other way can sec-
tion 192 be held constitutional, as we must determine it
to be, if any reasonable construction of the statute can
bring about this result: Com. v. Benn, 284 Pa. 421;
Blanchard v. McDonnell, 286 Pa. 283, 288.

It has been frequently decided, moreover, that where a term of office is subject to the control of the legislature, that tribunal may abolish the office, and thereby constitutionally oust the officer during the running of his term: Com. v. McCombs, 56 Pa. 436; Com. v. Weir, 165 Pa. 284; Lloyd v. Smith, 176 Pa. 213; Com. v. Moir, 199 Pa. 534. It would seem logically to follow that, as a legislatively specified term of office may be reduced, even as to then existing terms, a general act, providing for a forfeiture on a judicial determination of a breach of the constitutional "condition that they behave themselves well while in office" (article VI, section 4), ought also to be permissible, especially as to terms of office which the statute itself makes conditional, and which went into effect before the officers were elected.

We are aware that our conclusion may be thought to conflict with general statements appearing in some of our previous decisions, generally as dicta or by way of argument, in dealing with other constitutional provisions than the one now under review; for instance, article III, section 11, which provides: "No bill shall be passed giving any extra compensation to any public officer, servant, employee, agent or contractor, after services shall have been rendered or contract made," and the immediately preceding clause in article VI, section 4, which prescribes that "Appointed officers, other than judges of the courts of record and the superintendent of public instruction, may be removed at the pleasure of the power by which they shall have been appointed." It is not necessary to review those earlier decisions to show their inapplicability here, but it may not be amiss to call attention to the fact that, under the clause last quoted, despite its seeming exclusiveness, the legislature would appear to have the right to regulate the "pleasure" of the appointing power in removing its appointees: Arthur v. Phila., 273 Pa. 419; Sailer v. Phila., 273 Pa. 424; Patton v. Phila., 273 Pa. 427.

We have not heretofore ruled the exact question now involved, however. It was mooted, but not decided, in Bowman's Case, 225 Pa. 364, 367, and, as to appointed officers, in Com. v. Benn, 284 Pa. 421, 429. It was referred to in Georges Twp. School Directors, 286 Pa. 129, 133-4; and, though a leaning was there shown towards our present conclusion, the case was ruled on another point. The question is now squarely raised, and we hold, therefore, that, although article VI, section 4, is not limited to what are frequently termed constitutional officers, it is not applicable where the legislature, having the right to fix the length of a term of office, has made it determinable, by judicial proceedings, on other contingencies than the mere passage of time. It follows that the court below erred in dismissing the petition in this case.

Since much stress was argumentatively laid on our decision in Com. v. Reid, 265 Pa. 328, we should add, perhaps, that, in the case of a burgess, there being considered, the legislature had provided no method of amotion for misbehavior in office; hence we held, as pointed out in Georges Twp. School Directors, 286 Pa. 129, 134, for this reason, proceedings under article VI, section 4, could appropriately be had.

A motion was made to dismiss the present appeal upon the ground that, since the inception of the proceedings, appellees, under the stress of a mandamus, have done the things which the petition alleged they had neglected to do. It is a novel contention that he who does right when judicially compelled so to do, thereby becomes a faithful official, despite his admittedly prior dereliction, and can thus wholly escape the penalty specified for his neglect of duty; but we leave this, and all other questions which may be raised, to the initial determination of the court below, which has, as yet, passed on none of them.

The order of the court below is reversed, the petition is reinstated, and the record is remitted for further proceedings not inconsistent with this opinion.