## Commonwealth ex rel. v. Barrett et al.

*Marshall H. Morgan,* for plaintiff.

*James F. Masterson* and *Warwick P. Scott,* for defendants.

McDEVITT, P. J., July 15, 1939.—This matter comes before the court on a suggestion for a writ of quo warranto addressed to John L. Barrett, John B. Albany, William Deppenschmidt, James H. Malone, and Francis S. Cantrell, Jr., directing them to show cause by what authority they claim to possess or exercise the offices of Personal Registration Commissioners for the City and County of Philadelphia. At the argument, by stipulation of counsel, the action was discontinued as to Francis S. Cantrell, Jr., whose removal as of June 28, 1939, had been rescinded as of July 10, 1939.

The four respondents first named, John L. Barrett, John B. Albany, William Deppenschmidt, and James H.

Malone, were appointed registration commissioners immediately following the approval of The First Class City Permanent Registration Act of March 30, 1937, P. L. 115, and they qualified as of April 2, 1937. The history of the fifth commissioner is unimportant, since his status is not in litigation.

On June 28, 1939, the present Governor removed from office the respondents, and cited as his reason "for cause" of removal the report of a committee appointed by his predecessor in office, for the investigation of alleged disfranchisement of electors in Philadelphia, and filed as of October 7, 1938. In a paragraph, the report summarizes their finding as follows:

"Unnecessary disfranchisement to an extent—to warrant public complaint to justify this investigation by your Excellency, and to merit the administrative survey and recommendations herein reported."

On June 29, 1939, the Governor appointed Theodore D. Starr, Sara S. McNeill, and Charles Amodei to fill three of the vacancies on the registration commission caused by the removal above noted. After duly qualifying by taking their oath of office, the new registration commissioners presented themselves at the office assigned to the registration commission in the City Hall Annex, but were refused possession and control of the office, records, and employes. Hence this action.

The question before this court is the right of the Governor to remove the members of this commission who were appointed for terms of four years each, dating from April 2, 1937.

Counsel for plaintiffs depends upon article VI, sec. 4, as well as article XII, sec. 1, of the Constitution of Pennsylvania, and section 3 (d) of The First Class City Permanent Registration Act. Article VI, sec. 4, reads as follows:

"Tenure of office; removals from office. All officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on

conviction of misbehavior in office or of any infamous crime. Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed. All officers elected by the people, except Governor, Lieutenant Governor, members of the General Assembly and judges of the courts of record learned in the law, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate."

Article XII, sec. 1, reads as follows:

"Election of State and local public officers. All officers, whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law: Provided, That elections of State officers shall be held on a general election day, and elections of local officers shall be held on a municipal election day, except when, in either case, special elections may be required to fill unexpired terms." (Amendment of November 2, 1909.)

Section 3(*d*) of The First Class City Permanent Registration Act, supra, reads as follows:

"(*d*) The Governor may, at any time, remove any commissioner for cause, and may appoint a duly qualified elector of the city as his successor for the remainder of his term."

Respondents deny the right of the Governor to remove them from office, on the theory that the language used in section 3(d), "The Governor may . . . remove any commissioner for cause", implies the necessity of a formal hearing, the preferring of charges, the production of witnesses, and an opportunity to examine and cross-examine the same under oath. In the opinion of this court the question to be determined is whether the Governor has the power to remove and not inquire into the wisdom thereof. A reading of the several opinions of the Supreme Court on this and similar questions might create the impression that there is a conflict of authority, and that the requiring of "cause" for removal is fixing a

tenure of office that strips the Governor of his constitutional right of removal at pleasure. The court does not so view these opinions as in conflict.

In perhaps the most recent case, Commonwealth ex rel. v. Lindsay, 330 Pa. 120, Mr. Justice Maxey held, confirming previous opinions of the same court, that when the Constitution expressly provided a single method for accomplishing a particular purpose, that method is exclusive. Consequently the tenure depending upon good behavior could not contravene the constitutional right of removal. The court has no difficulty in reconciling what respondents claim to be the conflicting viewpoint expressed by the Supreme Court in Milford Township Supervisors' Removal, 291 Pa. 46, and Weiss v. Ziegler et al., 327 Pa. 100.

In Milford Township Supervisors' Removal, 291 Pa. 46, Mr. Justice Simpson held that the legislature has the right to provide for the election or appointment for a definite or indefinite term, absolutely or conditionally, and that where the method of removal has been provided by statute it should be followed. It is also noted in this opinion that, despite the seeming exclusiveness of the language used in the several statutes, the legislature still has the right to regulate the "pleasure" of the appointing power in removing its appointees.

As recently as Suermann et al. v. Hadley, etc., 327 Pa. 190, Mr. Chief Justice Kephart stated (p. 200) :

"The cases relating to the removal of appointive officers other than as provided by article VI, section 4, fall under several general heads. First, where the legislature in its act of creation attaches to an office a condition of tenure or of the right of removal: *Milford Township Supervisors' Removal*, 291 Pa. 46; *Georges Township School Directors*, 286 Pa. 129; *Weiss, Appellant, v. Ziegler et al.*, 327 Pa. 100; second, where the legislature sets up a new, comprehensive system of operation of one of its agencies or a department of such agency, differing materially from the system it supplants, and abolishes

the offices existing under the old system; or, third, where there is a complete abolishment of an office or a repeal of the acts by which an agency is created: *Commonwealth v. Weir*, 165 Pa. 284; *Commonwealth v. Moir*, 199 Pa. 534; *Lloyd v. Smith*, 176 Pa. 213."

We, therefore, approach the consideration of the question involved, buttressed by the several opinions cited, vesting in the Governor the power of removal. Should the court assume to wipe out the legislative enactment making the commissioners subject to removal for cause, even this could not take from the Governor the right vested in him by section 4 of article VI of the Constitution, for he would still have the right to remove at pleasure, and this would be supported by the opinion of Mr. Justice Maxey in Commonwealth ex rel. v. Lindsay, supra. But even admitting for the sake of argument that the chief executive can remove only "for cause", the court must take notice of the report filed by an investigagating committee appointed by the same Governor that appointed respondent commissioners. A careful reading of that report can lead only to the conclusion that a comprehensive survey and thorough investigation were made of the entire question of disfranchisement charged at that time. The record shows that the investigating committee held lengthy conferences with the registration commission and that all the matters under investigation were discussed from both viewpoints at that time. So that, even if a hearing were necessary, respondents cannot complain that they were ignorant of the charges or refused an opportunity to refute or explain them.

Counsel for respondents argues that the registration commission was burdened with an enormous problem because of the permanent registration feature of the 1937 act. True it is that certain additional machinery may have been necessary, but the fact remains that personal registration has been in effect in this municipality for more than a quarter of a century, and that the permanency of the registration provided for the fall of 1937

also lightened the burden of the commission. The same motions have always been gone through by previous commissions in furnishing information, paraphernalia, and supplies to the many registration centers, and under the permanent features the number of registration points was materially reduced. If the inexperience, incompetence, and inefficiency referred to in the report of the investigating committee was borne out even to the disfranchisement of a comparatively few voters, that would be a matter to be determined by the Chief Executive in the exercise of his discretion, and, as pointed out earlier in this opinion, it is for us to consider only the power and not the wisdom of his act. Assuming that this statute authorizing removal "for cause" by the Governor contemplates an investigation by such officer of the ground of complaint and the formation of a conclusion or judgment by him, this does not constitute an encroachment upon the judiciary, since the judgment and discretion to be exercised is of an executive and not of a judicial nature, and the courts will refuse to substitute their judgment or discretion for that of an official entrusted by law with its execution. Interference under such circumstances would be an interference with the ordinary functions of government and an invasion of the executive by the judicial branch of the government.

This court takes the position that the Governor is not required, as a prerequisite to removal, to institute an investigation in the nature of a judicial, or quasi-judicial inquiry. The method to be pursued by him is to be selected by him, and the cause that may be sufficient to warrant removal is to be determined by the Governor himself. Since the legislature prescribes no method or mode of inquiry, he is at liberty to adopt such method as to him shall seem proper, without interference on the part of the courts or any other branch of the government. This court is of the opinion that the Governor was not required to personally examine witnesses under oath or otherwise. He might have resorted to any method he thought satis-

factory in ascertaining whether a cause of removal existed, and the fact that he did not summon before him the respondents in this litigation, interrogate them, and permit them to be represented by counsel, is of no moment. Sight cannot be lost of the fact that the foundation upon which he based his cause for removal was a report furnished by a disinterested committee appointed by his predecessor, the same Governor who had appointed respondents in this litigation. Certainly they cannot be charged with prejudice or political bias. It is the duty of the courts to uphold and not to question the executive power when conferred by the Constitution and statutory legislation. The language "for cause" stands by itself, without any reference as to what the cause should be, or any other qualifying or limiting expression, consequently imposing no limitation upon the Governor's authority.

We cannot, under the guise of exerting judicial power, usurp merely administrative functions by setting aside a lawful administrative order upon our own conception as to whether the administrative power has been wisely exercised; for it cannot be too often said that the power to make the order, and not the expediency or wisdom of having made it, is the question before us. For the sake of argument, if removal were only authorized for certain specific reasons, a question of procedure might present itself and be difficult of solution; but in this case the cause stated does not import any wrongdoing to the respondents, but only incompetence, inefficiency and neglect. Whether the cause acted upon would or would not have weight with the court, it was deemed sufficient by the Governor for his act, and his judgment is final and decisive. We might inquire into his power to do the particular thing, but we may not inquire into the motive for it or the wisdom of it.

Since the Governor has determined from the conclusions reached by the investigating body that sufficient cause for removal existed, and has exercised the power vested in him both by the Constitution and The First Class

City Permanent Registration Act of 1937, the court feels that the defendants are without remedy in this proceeding.

### Decree

And now, to wit, July 15, 1939, the court directs that judgment be entered in favor of the Commonwealth, and a judgment of ouster be entered against the said John L. Barrett, John B. Albany, William Deppenschmidt, and James H. Malone, removing them as members of the Personal Registration Commission for the City and County of Philadelphia.