## Commonwealth v. Wheeler

*Richard DiSalle*, for Commonwealth.

*Paul A. Simmons*, for defendant.

CARSON, P. J., April 3, 1963.—Information was filed against defendant upon the charge of "failure to stop at the scene of an accident" under section 1027 of The Vehicle Code of April 29, 1959, P. L. 58. A hearing was held before the justice of the peace and the defendant held for court. Bond in the amount of $500 was filed for appearance the next term of court. Defendant now moves to quash the information for the reason that the offense charged is a summary offense. Defendant relies on the case of Commonwealth v. Kornig, 81 D. & C. 243.

There are other cases inconsistent with the Kornig case, specifically: Commonwealth v. Wolfendale, 43 D. & C. 230; Commonwealth v. Baker, 53 D. & C. 702; and Commonwealth v. Yost, 88 D. & C. 555, 4 Lyc. 181. However, this court agrees with the reasoning in the opinion of Commonwealth v. Kornig. This opinion includes an exhaustive study of the act of assembly and we agree with statutory construction of the act as expressed. The alleged inconsistency in the act results from the fact that an operator of a vehicle involved in an accident resulting in damage to property is guilty of a misdemeanor under subsection (a) and also of a summary offense under subsection (d) of the act. The court in the Kornig case correctly says (p. 249):

" 'Every part of a statute should be brought into action in order to collect from the whole one uniform

and consistent sense, if that may be done; or, in other words, the construction must be made upon the entire statute, and not merely upon disjointed parts of it: Broom's Legal Maxims 513. "It is the most natural and genuine exposition of a statute," says Lord Coke, "to construe one part of the statute by another part of the same statute, for that best expresseth the meaning of the makers:" Co. Litt. 381a': Holl v. Deshler, 71 Pa. 299, 301."

Accordingly, we agree with the conclusions of the court in the Kornig case wherein it is stated:

"Consistent with these principles, we are impelled to the conclusion that the reference to 'property' in subsection (a) is to attended property. If the legislature had intended property, generally—unattended as well as attended—it would not have gone on to make express provision, in subsection (d), for cases involving unattended property.

"Our conclusion is, therefore, that section [now 1027] 1025 (a) of The Vehicle Code should be read as if the word 'attended' appeared before the word 'property'.

" ' . . . a primary rule of construction . . . is that, in applying a statute, the first duty of the court is to ascertain and give effect to the intention of the legislature,' . . . and when 'necessary . . . to effectuate a plain legislative intent, . . . additional . . . words [may be] interpolated': Commonwealth v. Peoples et al., 345 Pa. 576, and cases there cited."

Therefore, the court makes the following

### Order

And now, April 3, 1963, it is hereby ordered that the information in the above captioned case is quashed. The case is dismissed at the cost of the county.