Weiss, Appellant, *v.* Ziegler et al.

Weiss et al., Appellants, *v.* Ziegler et al.

Argued May 11, 1936; reargued May 25, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Russell C. Mauch,* with him *Milton J. Goodman,* for appellants.

*Everett Kent,* with him *William G. Barthold,* for appellees.

OPINION BY MR. JUSTICE LINN, July 7, 1937:

The appellant, William Weiss, on April 10, 1934, was elected by the Board of School Directors to be District Superintendent of Schools for the District of the City of Bethlehem for the term of four years beginning the first Monday of July, 1934, at an annual salary of $8,000. He had held the same position for the eight years preceding.

The School Code of 1911, P. L. 309, 369, section 1133, 24 PS section 1061, provides for the election of a District Superintendent. Section 1134 fixes the term at four years upon the condition, however, (section 1138) that he "may be removed from office, after hearing, by a majority vote of the board of school directors of the district, for neglect of duty, incompetency, intemperance, or immorality, of which hearing notice of at least one week has been sent by mail to the accused, as well as to each member of the board of school directors." In December, 1935, charges were made against the District Superintendent which, pursuant to section 1138,

were heard by the School Board. A majority voting to sustain the charges, a motion was passed removing him from office. He then filed a bill against the School Directors charging that the majority of the Board who had voted to dismiss him had, among other things, acted (a) "Not in good faith, (b) not on consideration of the merits of the issues involved, (c) not in the exercise of sound discretion, (d) in clear abuse of their and each of their powers, (e) on a misconception of the law . . . (i) in defiance of the public interest and against the public good." His bill prayed for an injunction restraining the Board from dismissing him. A responsive answer was filed and a hearing was had. The learned court below was of opinion that the conclusion reached by the majority of the Board was not justified by the evidence, saying "The testimony submitted, both at the hearings before the School Board and at the hearings before the Trial Judge, was of such a character as would not justify, in the opinion of the Trial Judge, the dismissal of plaintiff as Superintendent of Schools, either for incompetency or neglect of duty.

"The scholastic ability of the Superintendent was not questioned. A feeling of antagonism appeared to exist between the Chairman of the Board Ziegler and Superintendent Weiss. This antagonism appeared not only by the testimony, but also by the attitude of the Chairman of the Board and the Superintendent towards each other, and resulted in the bringing of the charges against the Superintendent by the Chairman of the Board of School Directors. It also may be inferred from the evidence that politics was the underlying cause of the action of the School Board." The court however went on and concluded that, as Mr. Weiss had been elected by the School Board, it had the power to remove him at pleasure pursuant to the provisions of Article VI, section 4, of the Constitution, which provides "Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be re-

moved at the pleasure of the power by which they shall have been appointed."* The bill was then dismissed.

At the same time Mr. Weiss and Mr. E. L. Enright, individually and as a member of the School Board, filed a taxpayers' class bill against the School Board making substantially the same allegations and praying for the same relief. The cases were tried together below and disposed of in one adjudication.

While the decrees dismissing the bills must be sustained, we sustain them, not for the reasons given, but because equity has no jurisdiction: *Brower v. Kantner,* 190 Pa. 182, 43 A. 7; *Cella v. Davidson,* 304 Pa. 389, 156 A. 99. Since the learned court below was of opinion, after review of the trial and hearing the evidence, that the charges were not made out, and, as we are of opinion that the learned court below was in error in its application of the provision quoted from Article VI, section 4, of the Constitution, we shall consider the relation of that section to the appellant so that there may be no doubt on the subject if, hereafter, he sues in assumpsit to recover his salary *(Swaney v. School District of Georges Township,* 96 Pa. Superior Ct. 395; *Kosek v. Wilkes-Barre Township School District,* 314 Pa. 18, 170 A. 279), or in quo warranto proceedings challenging the right of any successor that has been or may be appointed to hold the office: *Com. ex rel. v. Blume,* 307 Pa. 406, 161 A. 551.

---

* The entire section is as follows: "All officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed. All officers elected by the people, except Governor, Lieutenant Governor, members of the General Assembly and judges of the courts of record learned in the law, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate."

Article VI, section 4, provides three methods of removing officers: (1) on "conviction of misbehavior in office or of any infamous crime," (2) "at the pleasure of the" appointing power, (3) removal "by. the Governor" as specified. But that provision must be read in connection with other provisions in the Constitution. Article XII, section 1, provides "All officers, whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law. . . ." The authority so conferred to provide for the election or appointment of other officers necessarily involves and implies legislative. power to annex conditions of tenure. The legislature may very well say that it is desirable that certain officers should be appointed but, for reasons which it deems sufficient, they should not be subjected to removal at pleasure and, if so minded, the legislature may of course provide for such officers, the Constitution containing no provision to the contrary. When the point was passed on in *Milford Township Supervisors' Removal,* 291 Pa. 46, 139 A. 623 (1927), in dealing with this power, we said: "A necessary implication from this provision,—and indeed, also, from the legislature's supreme power to legislate on all subjects not constitutionally inhibited *(Likins's Petition (No. 1),* 223 Pa. 456, 72 A. 858; *Com. v. Reid,* 265 Pa. 328, 334, 108 A. 829),—is that it had the right to provide that their election or appointment should be for a definite or an indefinite term, absolutely or conditionally, and this might be set forth in a single section, or in two or more sections, which, of course, would be construed together: *Holl v. Deshler,* 71 Pa. 299; *Com. v. Danville Bessemer Co.,* 207 Pa. 302, 308, 56 A. 871. It follows, if a fair construction of the statute, providing for their election or appointment, results in the conclusion that, under it, they were only intended to be conditionally elected for a specified term, that effect must be given to the legislative intent, notwithstanding the provisions of article

VI, section 4, for not otherwise can they 'be elected or appointed, as may be directed by law.'

"Section 145 of the Act of 1917 (P. L. 857), stipulates that the township supervisors thereafter elected 'shall hold their office for a term of six years, from the first Monday of December next following their election,' and section 192 (P. L. 862), that if any of them 'refuses or neglects to perform his duties, the court of quarter sessions (upon proper proceedings, which the instant ones were) . . . may declare the office vacant and appoint another in his stead, to hold office during the term of the officer deposed.' This latter section as certainly expresses the legislative intent as does the former, and we must assume, therefore, that the legislature intentionally made the term of six years a conditional one, which should end when a breach of duty was adjudged in the way specified. No other conclusion will give full effect to the legislative intent; and in no other way can section 192 be held constitutional, as we must determine it to be, if any reasonable construction of the statute can bring about this result: *Com. v. Benn,* 284 Pa. 421, 131 A. 253; *Blanchard v. McDonnell,* 286 Pa. 283, 288, 133 A. 505." At page 52 we said: "We have not heretofore ruled the exact question now involved, however. It was mooted, but not decided, in *Bowman's Case,* 225 Pa. 364, 367, 74 A. 203, and, as to appointed officers, in *Com. v. Benn,* 284 Pa. 421, 429, 131 A. 253. It was referred to in *Georges Twp. School Directors,* 286 Pa. 129, 133-4; 133 A. 223; and, though a leaning was there shown towards our present conclusion, the case was ruled on another point. The question is now squarely raised, and we hold, therefore, that, although article VI, section 4, is not limited to what are frequently termed constitutional officers, it is not applicable where the legislature, having the right to fix the length of a term of office, had made it determinable, by judicial proceedings, on other contingencies than the mere passage of time. It follows that the court below erred in dismissing the petition in

106

this case." The rule was also noted in *Com. ex rel. Kelley v. Clark et al.,* 327 Pa. 181, 193 A. 634; *Suermann et al. v. Hadley et al.,* 327 Pa. 190, 193 A. 645, and in *Com. ex rel. Smillie v. McElwee et al.,* 327 Pa. 148, 193 A. 628. *Com. ex rel. v. Hiltner,* 307 Pa. 343, 161 A. 323, does not support the appellees, section 1006, clause 7, of the Borough Code (1927, P. L. 519, 53 PS sections 12221, 12896) expressly authorizing the council "To appoint and remove a treasurer."

In enacting the school code and in providing for the teaching staff many conditions were imposed; for example, in addition to what was stated above, intellectual qualifications for the District Superintendent were set forth in sections 1102 and 1103, amended by the Act of April 28, 1921, P. L. 328, 24 PS sections 951 and 952.

The bills are dismissed for want of jurisdiction in equity, costs to be paid by appellants.