**In re Act No. 113 of 1971**

*John P. Lavelle*, for Carbon County Commissioner.
*William B. Quinn*, for Carbon County Controller.

HEIMBACH, P. J., February 4, 1974.—We are called upon to decide whether the register of wills and treasurer of this county are entitled to receive the fees and commissions earned by them as agents for the Commonwealth for the years 1972 and 1973.

The pertinent stipulated facts are these:

1. On April 28, 1968, article IX, sec. 4, par. 3, of the Pennsylvania Constitution was adopted abolishing the fee system in Pennsylvania. The fee schedule adopted

was not to take effect for four years or on the effective date of legislation adopted pursuant to said section of article IX, whichever first should occur.

2. The salaries due all row officers of all counties of the Commonwealth were increased by Act No. 113 of 1971, P. L. 495, enacted on November 1, 1971, which act implements article IX, sec. 4 of the Constitution of the Commonwealth of Pennsylvania referred to above.

3. During fiscal years 1972 and 1973, Geza E. Holczman, Register of Wills of Carbon County, and Marie E. Mayer, Treasurer of Carbon County, as incumbents in said offices when Act No. 113 of 1971 was passed, received and accepted the lower salaries set for their respective office under prior legislation.

4. During fiscal year 1972 and 1973, Geza E. Holczman, as Register of Wills of Carbon County and agent of the Commonwealth, earned commissions totalling $8,040.85. During the same fiscal years, Marie E. Mayer, Treasurer of Carbon County, earned fees as agent of the Commonwealth totalling $1,926.70.[1]

The commissioners have authorized the payment of the commissions and fees earned for the year 1972, and have likewise authorized the retention of fees and commissions held by such officeholders in escrow accounts. The controller refused to approve such payments and demands the escrowed funds be paid to Carbon County.

It is the position of the controller that commissions and fees received by incumbent county officers at the

---

[1] From April 24, 1972, to December 31, 1972, commissions and fees earned by the register of wills in the amount of $1,599.64 were deposited in the county general fund. During the same period, the commissions and fees earned by the treasurer in the amount of $294.70 were likewise deposited in the county general fund. 1973 commissions and fees were retained by the register of wills and the treasurer and deposited in separate escrow accounts.

time of the adoption of the Constitution as agents of the Commonwealth belong to the county under the provisions of article IX, sec. 4, par. 3, of the Constitution, and under the provisions of section (3), (7) and (12) of Act No. 113 of 1971.

It is the position of the commissioners that neither the provisions of such article nor Act No. 113 of 1971 are applicable to county officers elected or appointed prior to November 1, 1971.

We agree with the commissioners.

### DISCUSSION

Article IX, sec. 4, paragraph 3, of the Constitution provides:

"County officers shall be paid only by salary as provided by law for services performed for the county or any other governmental unit. Fees incidental to the conduct of any county office shall be payable directly to the county or the Commonwealth, or as otherwise provided by law."

The schedule to such article provides:

"This new article . . . shall take effect on the date of approval by the electorate, except that the following sections shall take effect on the effective date of legislation adopted pursuant to the sections or the date indicated below, whichever shall first occur.

" . . . the third paragraph of section four, . . . shall take effect four years after the effective date" (viz., April 23, 1972).

Since such article IX, sec. 4, paragraph 3, is not self-executing,[2] the legislature adopted Act No. 113

---

[2] In Lewis v. Lackawanna County, 200 Pa. 590, 594, the court said: "Section 5 of article 14 of the constitution providing that 'in counties containing over one hundred and fifty thousand inhabitants, all county officers shall be paid by salary,' does not execute itself, nor does it furnish the courts with any means of executing it. It is a mandate to the legislature, but does not become effective until legislative action."

of 1971, 16 PS §11011. Section 3 of such act, 16 PS §11011-3, County Treasurers; salaries provides:

"(6) Counties of the sixth class . . . [$] 11,000

"(b) Every county treasurer shall perform the duties now or hereafter required by law, and shall be an issuing agent of the Commonwealth of Pennsylvania for the sale of hunting licenses, fishing licenses, and dog licenses, and comply with the laws relating thereto and the rules and regulations of the Secretary of Revenue."

Section 7, 16 PS §11011-7—Registers of wills; salaries—provides:

"(6) Counties of the sixth class . . . [$] 11,000

"(b) The registers of wills shall perform the duties now or hereafter required by law, and shall be the agent of the Commonwealth of Pennsylvania for the collection of Pennsylvania transfer inheritance and estate taxes in the case of resident decedents under the supervision of the Secretary of Revenue and pursuant to the rules and regulations of the Secretary of Revenue."

It is not disputed that under the schedule to article IX, sec. 4, paragraph 3, the provisions of such article became effective on the date of the enactment of Act No. 113 of 1971, viz., November 1, 1971. Neither is it disputed that article III, sec. 27, of the Constitution prevents an incumbent officeholder, as of such date, from receiving the increased salaries provided by Act No. 113 of 1971, supra.[3] For the same reason, fees which such incumbent officeholders received for services performed as county officers could not be decreased during their term of office. This is so even if such article IX became effective four years after

---

[3] Article 3, sec. 27, provides: "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment."

the adoption of the Constitution without the intervention of Act No. 113 of 1971. If it were otherwise, article IX, sec. 4, would clearly be repugnant to article III, sec. 27.

It is fundamental that, in construing the Constitution, courts must give a construction to it so that, if possible, various sections shall be construed together to make a harmonious whole: Weiss v. Ziegler et al., 327 Pa. 100, 104; Contested Election of Law Judges, 109 Pa. 337, 347.

In applying this principle of law, article IX, sec. 4, paragraph 3, is harmonious with article III, sec. 27, only if it is concluded the provisions of article IX, following enabling legislation, are applicable only to those officeholders elected or appointed after the effective date of such legislation. We so conclude.

We reach the same conclusion in determining the applicability of Act No. 113 of 1971 to incumbent officeholders at the time of its enactment, and hold its applicability is confined to those officeholders appointed or elected after November 1, 1971. Clearly, the salary provisions (3), (7), (12(a))[4] under article III, sec. 27, of the Constitution would be unconstitutional if applied to incumbent officeholders at the time of its enactment. For the same reason 12(b), providing for fees and commissions received in the conduct of any county office to be paid to the county,

---

[4] 16 PS §11011-12.

"(a) The county officers shall be paid only the salary provided herein for services performed for the county or any other governmental unit: Provided, however, That this restriction shall not apply to those county officers receiving a salary as executive and administrative officers of institution districts existing in their counties.

"(b) All fees and commissions received in the conduct of any county office shall be paid directly to the county. Fees shall not be deemed to include reimbursement for mileage."

would be unconstitutional, since emoluments of office may not be decreased. See In re Act No. 113 of 1971, 24 Lawrence 77 (1972), where the court, in a well-considered opinion, reached the same conclusions.

Handley's case, 336 Pa. 100, cited to us by the controller as controlling, is inapposite. Hadley is authority for the proposition that article III, sec. 27, of the Constitution is not violated by an Act of Assembly that provides that county treasurers "from and after the effective date of this act, shall cease to be agents of the Commonwealth, . . . for the collection of mercantile license taxes, . . . All fees and commissions heretofore retained . . . by them, agent[s] . . . shall . . . be paid into the treasuries of their respective counties. . . ."

In disposing of the contention that the Constitution was violated the court said at page 105:

"Nor can it be said that the Act of 1937 violated Article III, section 13, which prohibits the increase or diminution of the salary or emoluments of a public officer after his election or appointment. The designation of the city or county treasurer by the legislature as agent of the Commonwealth for the collection of certain taxes and fees is not the creation of a public office within the meaning of Article III, section 13, but is merely the establishment of an agency which the legislature may at any time modify or revoke."

Although we hold the provisions of Act No. 113 of 1971 are inapplicable, it is to be noted that such act retains the status of county officers as agents of the Commonwealth to continue the performance of identical duties heretofore performed and provides that such offices comply with the laws relating thereto. Contrary to Hadley, their status as agents was not revoked.

It is likewise to be noted that the provisions of section 12(b) refers only to fees and commissions

received in the conduct of the office that are to be paid directly to the county. Since fees and commissions received by the treasurer and the register of wills were and are received as agents of the Commonwealth and not as commissions or fees received in the conduct of their offices, such section, in any event, would have no application.

"There is no relation whatsoever between the election to a . . . county office and the express designation of that officer as a state agent, whose activities are solely statutory and entirely divorced from the functions of the office to which he was elected": Hadley's Case, supra, 106. Knisely v. Cotterel, 196 Pa. 614; Commonwealth ex rel. Duff, Attorney General v. Huston, 361 Pa. 1.

We hold Act No. 113 of 1971, being enabling legislation to carry out the provisions of article IX, sec. 4, subparagraph 3, is inoperable as to these officeholders. As agents of the Commonwealth, they are entitled to receive fees and commissions paid by it for the years 1972 and 1973.

For the reasons stated, we enter the following

## DECLARATION

And now, February 4, 1974, it is ordered and decreed that the sum of $1,599.64, referred to in paragraph 7 of the petition for declaratory judgment, and any accrued interest thereon, shall be paid to Geza E. Holczman, and the sum of $294.70, and any interest thereon, referred to in the same paragraph, shall be paid to Marie E. Mayer.

It is further ordered and decreed that Geza E. Holczman shall retain commissions in the amount of $6,441.21, and any interest thereon, and Marie E. Mayer shall retain commissions in the amount of $1,632.00, and any interest thereon.