## Patterson v. DeCarbo

C.P. of Lawrence County, no. 40017 of 2000, EQ.

*Charles W. Garbett,* for plaintiffs.
*John W. Hodge,* for defendants.

PRATT, *J.,* March 24, 2000—The plaintiffs, Keith Patterson and The Housing Authority of Lawrence County, have filed a complaint in equity (amended) and a petition for injunctive relief, raising the issue of whether defendants Roger DeCarbo, Edward Fosnaught, and Brian Burick, sitting and acting as the Lawrence County Board of Commissioners, violated the Pennsylvania Sunshine Act and the Pennsylvania Housing Authorities Law.

The focus of the plaintiffs' cause of action regards the action taken by defendants at the January 13, 2000 public meeting of the Lawrence County Board of Commissioners, when the county commissioners voted to remove plaintiff Keith Patterson as a member of the housing authority and appointed defendant Robert Heath as his replacement.

After a hearing of plaintiffs' petition for injunctive relief, the court, pending the filing of briefs and plaintiffs' amended complaint in equity and amended petition for injunctive relief, and a possible further hearing, issued a temporary order staying defendants' action and reinstating plaintiff Keith Patterson as a voting member of the housing authority.

Plaintiffs are seeking preliminary and permanent injunctive relief to enjoin the defendants from removing plaintiff Keith Patterson from his appointed term as a member of the housing authority. Plaintiffs are also seeking attorney's fees and costs.

## DISCUSSION

Plaintiffs, in this cause of action, contend that:

(1) Defendants, by their actions on January 13, 2000, violated sections 704 and 708 of the Sunshine Act (65 Pa.C.S. §704 and §708) by, (a) not announcing the purpose of the executive session at which the replacement of Keith Patterson as a member of the housing authority was discussed and deliberated upon in violation of section 708(b) of the Sunshine Act, 65 Pa.C.S. §708(b), and not providing plaintiff Keith Patterson notice of his possible replacement as a member of the housing authority as required under section 708(a)(1) of the Sunshine Act, 65 Pa.C.S. §708(a)(1), and (b) if the matter was not a

personnel issue, but rather was a matter concerning amending the agenda for the commissioners' meeting, then defendants violated section 704 of the Sunshine Act, 65 Pa.C.S. §704, by not deliberating and acting upon amending the meeting's agenda during the open session of the January 13, 2000 commissioners' meeting.

(2) Notwithstanding the violation of the Sunshine Act, defendants violated section 1546 of the Housing Authorities Law, 35 P.S. §1546, by removing the plaintiff, Keith Patterson, as an appointed member of the housing authority prior to the expiration of his term without just cause, notice, and authority of the court of common pleas after a full hearing.

This court agrees with plaintiffs' assertions and will grant appropriate relief as discussed below.

I.

*Injunctive Relief*

Under Pa.R.C.P. 1531, the court may grant injunctive relief in the form of a preliminary or special injunction pending adjudication, decree nisi, and final determination of the pending complaint in equity. The party seeking the injunctive relief, however, must meet the following criteria in order to qualify for a preliminary injunction:

(1) the relief which the party requests is necessary to prevent immediate and irreparable harm which cannot be compensated by damages at law,

(2) greater injury will result by refusing the preliminary injunction request than by granting it,

(3) the preliminary injunction will restore the party to the status quo as it existed immediately prior to the alleged wrong,

(4) the alleged wrong is manifest, and the preliminary injunction is reasonably suited to abate it, and

(5) the right to relief is clear, that is, substantial legal questions have been raised which must be resolved to determine the respective rights of the parties, thus making the conduct sought to be enjoined actionable. *T.W. Phillips Gas and Oil Co. v. People's Natural Gas Co.,* 89 Pa. Commw. 377, 492 A.2d 776 (1985); *Schaeffer v. Frey,* 403 Pa. Super. 560, 589 A.2d 752 (1991); *Gwynedd Properties v. Lower Gwynedd Township,* 150 Pa. Commw. 124, 615 A.2d 836 (1992); and *Anglo-American Insurance Co. v. Molin,* 547 Pa. 504, 691 A.2d 929 (1997).

In reviewing the evidence presented during the hearing of the instant petition, as well as the complete record in this case, the court is not able to find where the plaintiffs have met their burden of proof in establishing that the relief which the plaintiffs request in the form of a preliminary injunction is necessary to prevent immediate and irreparable harm which cannot be compensated by damages, and that greater injury will result by refusing the preliminary injunction than by granting it. Consequently, under general equity standards and Pa.R.C.P. 1531, the request for a preliminary injunction by the plaintiffs may not be granted.

Notwithstanding, however, section 713 of the Sunshine Act, 65 Pa.C.S. §713, which provides, in part, "the court may enjoin any challenged action until a judicial determination of the legality of the meeting at which the action was adopted is reached." Thus, when equitable relief is requested because of an alleged violation of the Sunshine Act, this court has authority to grant preliminary injunctive relief without addressing the elements

necessary for a preliminary injunction under the usual equity standards and Pa.R.C.P. 1531, pending the court's final determination as to whether the action taken at a meeting by a public agency was proper and in accordance with the various provisions of the Sunshine Act. A review of the evidence presented during the January 18, 2000 hearing of this case, as well as the record, shows that the plaintiffs have established, prima facie, that defendants violated portions of the Sunshine Act and, therefore, the court is authorized and justified in granting a preliminary injunction enjoining defendants from replacing plaintiff Keith Patterson as a member of the housing authority pending final disposition of plaintiffs' complaint in equity.

## II.

### *Sunshine Act*

The language of section 708(a)(1) of the Sunshine Act is clear and provides, in part, that an agency may hold an executive session: "to discuss any matter involving the employment, appointment, termination of employment, terms and conditions of employment, evaluation of performance, promotion, or disciplining of any specific prospective public officer or employee or current public officer or employee employed or appointed by the agency, or former public officer or employee, provided, however, that the individual employees or appointees whose rights could be adversely affected may request, in writing, that the matter or matters be discussed at an open meeting. The agency's decision to discuss such matters in executive session shall not serve to adversely affect the due process rights granted by law . . . ." 65 Pa.C.S. §708(a)(1).

Section 708(b) sets forth the procedure that must be followed when holding an executive session:

"The executive session may be held during an open meeting or at the conclusion of an open meeting or may be announced for a future time. *The reason for holding the executive session must be announced at the open meeting occurring immediately prior or subsequent to the executive session.* If the executive session is not announced for a future specific time, members of the agency shall be notified 24 hours in advance of the time of the convening of the meeting specifying the date, time, location and purpose of the executive session." 65 Pa.C.S. §708(b). (footnotes omitted) (emphasis added)

The instant record indicates that the subject matter of the executive session was "the creation of the environmental services department" and the "housing authority appointed and dismissal issue." See hearing transcript, January 18, 2000, p. 26. According to the evidence, however, this was not announced prior to, or subsequent to, the executive session held by defendants at the January 13, 2000 public meeting. After the executive session, by resolution and motion, defendants voted to remove plaintiff Keith Patterson from The Housing Authority of Lawrence County and replaced him with defendant Robert Heath. Furthermore, the record indicates that defendants failed to provide plaintiff Keith Patterson notice of his possible removal and the opportunity to request, in writing, that the matter of his removal be discussed at an open meeting. By this action, defendants clearly violated sections 708(a)(1) and 708(b) of the Sunshine Act. This conclusion rests upon the determination that the subject matter of plaintiff Keith Patterson's replacement was a personnel matter rather than an amendment of the agenda of the meeting as testified by defendant Roger

DeCarbo. This determination is based on the statements and argument of counsel for defendants, who insisted during the hearing that the matters taken up by defendants during the executive session were personnel matters.

Even if the court determines that the issues discussed during the executive session of January 13, 2000 were not personnel matters, the results would not be different. Section 704 of the Sunshine Act, 65 Pa.C.S. §704, requires that all official actions and deliberations by members of a public agency, such as the Lawrence County Board of Commissioners, shall take place at a meeting open to the public unless closed pursuant to certain exceptions, including executive sessions. So, if the matters discussed by defendants during the executive session were not personnel issues, and there being no other exceptions offered by defendants, the matters that were discussed during the executive session by defendants were required to be discussed and acted upon during the open session of the public meeting. Thus, if the court determines that the testimony of defendant Roger DeCarbo was accurate and that the only matters defendants discussed during the executive session were amending the agenda of the public meeting to add the items of creating the environmental services department and the appointment and dismissal issue regarding the housing authority, then these matters should have been discussed and acted upon during the open meeting of defendants. According to counsel for defendants, proper procedure would have been for defendants by motion and vote to amend the agenda. This was not done. Rather, defendants addressed the matter during the closed executive session according to the testimony of defendant Roger DeCarbo. As such, in the alternative, defendants violated section 704 of the Sunshine Act.

In conclusion, defendants by their executive session and action during the open session of the January 13, 2000 public meeting in removing and replacing plaintiff Keith Patterson as a member of the housing authority, violated sections 704 and 708 of the Sunshine Act. Under section 713 of the Act, 65 Pa.C.S. §713, such action by defendants at the public meeting conducted on January 13, 2000 was invalid and must be declared void. As such, plaintiff Keith Patterson must remain an official member of the housing authority, with all rights and privileges attendant thereto.

## III.

### *Housing Authorities Law*

By stipulation of the parties through counsel, it was agreed that the court should dispose of the plaintiffs' complaint in equity based upon the record established thus far, including the pleadings, evidence presented, briefs, and arguments of counsel and that there would be no need for a trial or further hearing of the case.

In that regard, plaintiffs argue that defendants have no authority to replace an appointed member of the housing authority prior to the expiration of the appointed member's term without just cause and notice. Plaintiffs base their argument on section 1546 of the Housing Authorities Law, 35 P.S. §1546, as well as cited cases in their brief. On the other hand, defendants argue that Article 6, Section 7 of the Pennsylvania Constitution authorizes defendants to remove, at their pleasure, any civil officer which they have appointed, citing in support thereof, *Mitchell v. Chester Housing Authority,* 389 Pa.

314, 132 A.2d 873 (1957) and *Pievski v. Ridge,* 98 F.3d 730 (3d Cir. 1996).

Initially, the court finds that there is no dispute that a member of a housing authority created under the provisions of the Pennsylvania Housing Authorities Law is a legislatively created office and not one created by or contained in the Pennsylvania Constitution. Similarly, there should not be any dispute that the legislature, by virtue of Article VI, Section 1 of the Pennsylvania Constitution, formerly Article XII, Section 1, is constitutionally authorized to create such offices. (See also, *Weiss v. Ziegler,* 327 Pa. 100, 193 A. 642 (1937).)

Relevant to this case, the Pennsylvania Housing Authorities Law provides, among other things, for five-year fixed terms for appointed members of housing authorities. The terms, however, are staggered, so that only one member's term expires at any time. 35 P.S. §1546. The law also provides a method for removing members. It states, "a member may be removed for cause by the court of quarter sessions of the county in which the authority is located after having been provided with a copy of the charges against him for at least 10 days and full hearing by the court." 35 P.S. §1546 (courts of quarter sessions were abolished by the constitution convention of 1968 and approved by the electorate April 23, 1968; their jurisdiction was incorporated into the court of common pleas).

Here, plaintiff Keith Patterson's term as an appointed member of the housing authority had not expired at the time the defendants took their action to remove and replace him during their January 13, 2000 meeting, and he received no prior notice of his removal of any charges against him. A hearing was not conducted before any court regarding his removal.

Thus, the sole issue in disposing of the Housing Authorities Law question currently before this court is whether plaintiff Keith Patterson may be removed as an appointed member of the housing authority at the pleasure of the appointing power, the Lawrence County Board of Commissioners, under Article VI, Section 7 of the Pennsylvania Constitution, or whether section 6 of the Housing Authorities Law, 35 P.S. §1546, controls and makes Article VI, Section 7 inapplicable.

In *Weiss v. Ziegler, supra,* the Pennsylvania Supreme Court determined that an elected district superintendent of schools could not be removed by the board of school directors at their pleasure, where the Pennsylvania School Code, which provided for the election of the superintendent and fixed the term of office at four years, also provided for the superintendent's removal by the school directors for neglect of duty, incompetency, intemperance, or immorality.

The *Weiss* court held that Article VI, Section 4 of the Pennsylvania Constitution (now Article VI, Section 7), which provides for the removal of officers at the pleasure of the appointed power, must be read in connection with Article XII, Section 1 (now Article VI, Section 1), which provides that all officers, where their selection is not provided for in the constitution, shall be elected or appointed as may be directed by law. The court went on to hold that the legislature, under Article XII, Section 1, may annex certain conditions to the appointed officers' tenure, citing *Milford Township Supervisors' Removal,* 291 Pa. 46, 139 A. 623 (1927). The court ruled Article VI, Section 4 is not applicable when the legislature, in fixing the term of office of a legislatively created office, has made the term of office conditioned on contingen-

cies other than the mere passage of time or at the pleasure of the appointed power. *Weiss, supra.*

In *Watson v. Pennsylvania Turnpike Commission,* 386 Pa. 117, 125 A.2d 354 (1956), our Supreme Court was in accord with *Weiss, supra,* in a case involving the removal of an appointed member of the Pennsylvania Turnpike Commission by the governor before the expiration of his term. The court made it manifestly clear that, where the legislature creates a public office, it may impose such terms and limitations as to the length of service of the person appointed and/or the method of removing the appointed official in creating the office, which may be determined by the legislative intent as ascertained from the language of the statute. (See *Milford, supra* and *Weiss, supra.*) The court held that, where the statute creating the legislative office provides for fixed terms with staggered expiration dates or it specifically provides for a method of removing the official prior to the expiration of his term of office, Article VI, Section 4 does not apply, and the appointed official is not subject to removal at the pleasure of the appointing power.

The Pennsylvania Supreme Court in *Bowers v. Pennsylvania Labor Relations Board,* 402 Pa. 542, 167 A.2d 480 (1961) held that "[t]he legislature has shown that, when it creates an administrative agency and provides that its members shall be appointed for fixed terms with staggered expiration dates, the intent thereby evidenced is that such members are not removable by the appointor at his pleasure." *Id.* at 551, 167 A.2d at 484. The *Bowers* court added, "whether the legislature, in creating an appointive office, has evidenced by its enactment an intention that the tenure of the appointee shall not be subject to termination at the pleasure of the appointing power presents a pure question of statutory construction which

is peculiarly and exclusively the function of the judiciary to resolve." *Id.* at 548, 167 A.2d at 482. (See also, *Commonwealth ex rel. Sortino v. Singley,* 481 Pa. 367, 392 A.2d 1337 (1978).)

In *Mitchell, supra,* relied upon by defendants, the Supreme Court, in deciding that case one year after the *Watson* case, decided to ignore *Watson, Weiss* and *Milford* and instead preferred to follow *Commonwealth ex rel. Reinhardt v. Randall,* 356 Pa. 302, 51 A.2d 751 (1947), holding that the governor of the Commonwealth of Pennsylvania had the authority to remove a majority of the members of the Chester Housing Authority by virtue of Article VI, Section 4 of the Pennsylvania Constitution. In *Reinhardt,* the Supreme Court was called upon to reconcile section 6 of the Pennsylvania Housing Authorities Law, 35 P.S. §1546, with Article VI, Section 4 of the Pennsylvania Constitution (now Article VI, Section 7). Like the instant case, the dispute in *Reinhardt* involved the removal of an appointed member of the Philadelphia Housing Authority prior to the expiration of the member's term. There, the court held that Article VI, Section 4 of the constitution prevailed and found that the appointing authority clearly had complete authority to remove the housing authority member prior to the expiration of his term. It should be noted that in *Reinhardt,* section 6 of the Housing Authorities Law at that time provided no method of removal of appointed members. A specific method of removal prior to the member's term expiring was added by legislative amendment in Act no. 163 of 1968, effective January 1, 1969.

In citing and arguing *Pievski, supra,* defendants' counsel's reliance thereon is grossly inaccurate and tends to mislead the court, although unintentionally. *Pievski* involved the Delaware River Port Authority, created by

an interstate compact agreement between the Commonwealth of Pennsylvania and the State of New Jersey pursuant to federal law. Max Pievski, the plaintiff, was appointed by Governor Robert Casey in 1994 as a member of the DRPA and removed by Governor Casey's successor, Governor Tom Ridge. The Third Circuit United States Court of Appeals applied federal law in disposing of the case in which the plaintiff challenged Governor Ridge's authority to remove him as a member of the DRPA before the expiration of his term. The court, noting that the gist of the dispute turned on the court's interpretation of the terms and provisions of the interstate compact agreement, ruled that federal law must apply in construing the compact agreement. The court went on to state, however, "[t]hough state law is not binding, federal courts show deference to prior state adjudications and rulings in construing an interstate compact." *Pievski, supra* at 738. (citation omitted) In showing its deference to Pennsylvania state court decisions, the federal court of appeals stated:

"The Pennsylvania Supreme Court has held that where a statute provides for fixed terms with staggered expiration dates, the legislature intended that those appointed shall not be removable at the will of the appointed authority. . . . However, the mere fixing of a definite term does not override the dictates of Article VI, Section 7 of the constitution which gives removal power to the appointing authority. . . . Pennsylvania case law provides that the staggering of terms, not the mere fixing of a definite term in office bars the governor from removing an appointed official at will." *Pievski, supra* at 738, 739. (citations omitted)

The court concluded that, although the interstate compact agreement provided for fixed definite terms for

DRPA commissioners, the terms were not staggered, and there was no language in the agreement providing for any method of removing commissioners and, therefore, the Pennsylvania Constitution, as interpreted by the Pennsylvania Supreme Court, does not prohibit the governor from removing the plaintiff prior to his expiration of his designated term. *Pievski, supra* at 739.

In conclusion, the standard for removing an appointed official from a legislatively created public office, as it evolved from a long history of Pennsylvania Supreme Court case law, is that the inclusion of a method of removal of the appointed officer in the pertinent legislation, by either providing for staggered fixed terms of appointment or a specific mode of removing the official prior to the expiration of his term, indicates a legislative intent that Article VI, Section 7 of the Pennsylvania Constitution does not apply, and the official may not be removed at the pleasure of the appointing authority.

Applying that standard to this case, dictates that section 6 of the Housing Authorities Law, 35 P.S. §1546, rather than Article VI, Section 7 of the Pennsylvania Constitution, applies in addressing the removal of appointed members of The Housing Authority of Lawrence County. The defendants, therefore, have no authority under Article VI, Section 7 of the Pennsylvania Constitution to remove appointed members of the housing authority, including plaintiff Keith Patterson, at their pleasure prior to the expiration of their appointed term of office, unless removed by the court upon cause being shown with prior notice to the appointed member. Consequently, the defendants, in removing plaintiff Keith Patterson prior to the expiration of his term, during the defendants' meeting on January 13, 2000, and without "cause" as deter-

mined by the court with prior notice, as prescribed by section 6 of the Housing Authorities Law, 35 P.S. §1546, was unauthorized and must be declared invalid and voided.

For the reasons set forth above, this court, by separate order, shall void the defendants' action during the public meeting on January 13, 2000 in removing plaintiff Keith Patterson from The Housing Authority of Lawrence County.

## ORDER

Based upon the supporting opinion, the court orders as follows in the above captioned case:

(1) The defendants violated the Sunshine Act in removing plaintiff Keith Patterson from The Housing Authority of Lawrence County and replacing him with defendant Robert Heath by their actions on January 13, 2000 and that action by resolution is declared invalid and is voided.

(2) Section 6 of the Pennsylvania Housing Authorities Law, 35 P.S. §1546, governs the removal of appointed members of The Housing Authority of Lawrence County and not Article VI, Section 7 of the Pennsylvania Constitution. Under section 6 of the Housing Authorities Law, 35 P.S. §1546, the defendants had no authority to remove plaintiff Keith Patterson as a member of The Housing Authority of Lawrence County during the pendency of his unexpired appointed term of office without cause, notice and court approval. Therefore, the action taken by the defendants during the January 13, 2000 public meeting was invalid and is voided.

(3) Plaintiff Keith Patterson is reinstated with all attendant rights and privileges as an appointed member of

The Housing Authority of Lawrence County retroactive to January 13, 2000.

(4) As the plaintiffs failed to show that the actions taken by defendants during the January 13, 2000 public meeting were willful or with wanton disregard, plaintiffs' request for attorney's fees and costs is denied.